**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4589**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

KEVIN A. BAKER,

                    Defendant - Appellant.


Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Robert E. Payne, Senior
District Judge.  (3:06-cr-00219)


Submitted:  March 25, 2009            Decided:  April 21, 2009


Before NIEMEYER, MOTZ, and DUNCAN, Circuit Judges.


Affirmed by unpublished per curiam opinion.


Michael S. Nachmanoff, Federal Public Defender, Paul G. Gill,
Assistant Federal Public Defender, Richmond, Virginia, for
Appellant.  Chuck Rosenberg, United States Attorney, Richard D.
Cooke, Assistant United States Attorney, Richmond, Virginia, for
Appellee.


Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin A. Baker was convicted by a jury of possession with intent to distribute cocaine base, possession of cocaine base, and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1); 21 U.S.C. §§ 841(a)(1), 844 (2006). Baker was sentenced to a total of 262 months' imprisonment. Finding no error, we affirm.

On appeal, counsel contends that the district court erred in denying the motion to suppress a firearm and cocaine base recovered from the roadside following a chase by law enforcement officers. We review the factual findings underlying the denial of a motion to suppress for clear error and the court's legal conclusions de novo. United States v. Branch, 537 F.3d 328, 337 (4th Cir. 2008), cert. denied, 129 S. Ct. 943 (2009). The evidence is construed in the light most favorable to the prevailing party below. United States v. Uzenski, 434 F.3d 690, 704 (4th Cir. 2006).

Counsel does not challenge the initial encounter between law enforcement and Baker. Rather, counsel argues, as he did in the district court, that the improper seizure occurred when officers retained Baker's identification card, surrounded his vehicle, and threatened to physically remove him therefrom. A seizure implicating the Fourth Amendment does not occur until an "officer, by means of physical force or show of authority,

2

has in some way restrained the liberty of" the individual. Terry v. Ohio, 392 U.S. 1, 20 n.16 (1968). Moreover, a seizure requires submission to the physical force or show of authority. California v. Hodari D., 499 U.S. 621, 626 (1991). Thus, the individual "who flees the police in response to an assertion of authority has not been seized . . . ." United States v. Brown, 401 F.3d 588, 594 (4th Cir. 2005).

When officers instructed Baker to exit his vehicle, he rolled up the window, locked the door, and refused. Despite the escalation of the situation, Baker continued to refuse. Although he eventually rolled down his window slightly and stated that the door was open, this was not a submission to authority but rather a ruse to afford him the opportunity to engage his gear shift and speed off. As it is clear that Baker did not submit to the officers' show of authority, a seizure did not occur. Additionally, because Baker abandoned the firearm and cocaine base by throwing them out of his window during the pursuit, he cannot challenge their seizure. See United States v. Stevenson, 396 F.3d 538, 546 (4th Cir. 2005). Thus, we conclude the district court did not err in denying the motion to suppress.

Counsel additionally contends that Baker's sentence is unreasonable because it "is much longer than necessary." When determining a sentence, the district court must calculate the

3

appropriate advisory Guidelines range and consider it in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2006). Gall v. United States, 128 S. Ct. 586, 596 (2007). Appellate review of a district court's imposition of a sentence, "whether inside, just outside, or significantly outside the Guidelines range," is for abuse of discretion. Id. at 591. Sentences within the applicable Guidelines range may be presumed by the appellate court to be reasonable. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

The district court followed the necessary procedural steps in sentencing Baker, appropriately treating the Sentencing Guidelines as advisory, properly calculating and considering the applicable Guidelines range, and referencing § 3553(a). While Baker asserts that the court erred in failing to specifically discuss the § 3553(a) factors, a district court need not "robotically tick through . . . every subsection." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). The materials in the joint appendix establish that the court actively discussed the career offender guideline provision and sentencing factors with counsel prior to imposing its chosen sentence. Furthermore, Baker's sentence, which is the low end of the advisory Guidelines range and no greater than the applicable statutory maximums, see 18 U.S.C. § 924(a)(2) (2006) (prescribing ten-year maximum for § 922(g) violation); 21 U.S.C.

4

§ 841(b)(1)(B) (prescribing forty-year maximum for offenses involving 5 grams or more of cocaine base); 21 U.S.C. § 844 (prescribing twenty-year maximum for possession of cocaine base), may be presumed reasonable.

Counsel, however, argues that the career offender provision does not comport with the goals of sentencing detailed in § 3553(a). The career offender guideline implements the directive of 28 U.S.C. § 944(h) (2006), requiring the Sentencing Commission to specify terms of imprisonment at or near the applicable statutory maximum for defendants who have been convicted of a crime of violence or a controlled substance offense and have two or more prior convictions for crimes of violence or controlled substance offenses. U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1, comment. (backg'd) (2006). In implementing this directive, the Sentencing Commission modified the criteria set forth in § 944(h) "to focus more precisely on the class of recidivist offenders for whom a lengthy term of imprisonment is appropriate and to avoid unwarranted sentencing disparities . . . ." Id. (internal quotation marks and citation omitted). Baker's prior convictions of possession with intent to distribute cocaine on or near school property and assault of a law enforcement officer place him squarely within the category of defendants to which the career offender provision applies. See USSG § 4B1.1(a).

5

Thus, the district court did not abuse its discretion in imposing the chosen sentence.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED